# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID and CONNIE PRINCE, Debtors | CASE NO. 197-11992<br>CHAPTER 13<br>JUDGE Keith M. Lundin |
| BEAL BANK, SSB<br>Plaintiff | |
| v. | |
| DAVID and CONNIE PRINCE, Defendants, | |
| v. | |
| WILSON & ASSOCIATES, P.L.L.C.<br>AARON SQUYRES and LESLIE GARRETT SARVER<br>Third Party Defendants | Adversary Proceeding No.:108-0164A |
| v. | |
| LLP MORTGAGE, LTD.,<br>Intervening Plaintiff | |
| v. | |
| DAVID and CONNIE PRINCE Defendants. | |

## MEMORANDUM

This matter is before the court on Wilson & Associates', Leslie Garrett's, and Aaron Squyres' (hereinafter the "Wilson Defendants") Motion to Dismiss the plaintiffs' (David and Connie Prince) claims against them in this adversary

proceeding.[1] The Prince's oppose the motion to dismiss. For the reasons cited herein, the court GRANTS the Wilson Defendants' Motion to Dismiss.

The Prince's brief opposing the motion accurately reflects the procedural history of this matter:

> **Prince v. Countrywide**, et. al., #1:08-ap-164A, began in the Lawrence County Court of General Sessions as **Beal Bank v. Prince, Docket** #27418. When the Princes filed counter claims against Beal Bank, the General Sessions Court transferred this case to the Lawrence County Circuit Court, whereupon this case became identifiable as **Beal Bank v. Prince**, Docket #cc-1896-06. When the Princes filed an adversary proceeding against Countrywide, LPP Mortgage and Beal Bank in Bankruptcy Court Case 1:08-ap-00164, Countrywide, LPP Mortgage and Beal Bank responded by removing **Beal Bank v. Prince,** Docket #cc-1896-06 to this Court. Upon removal to this Court, **Beal Bank v. Prince** became identifiable as Docket #1:08-ap-164.
>
> This Court then consolidated the Princes' adversarial claims in Docket #1:08-ap-146 with the state law claims in Docket #1:08-ap-164. As a result, this case, Docket #1:08-ap-164A, constitutes a single and continuous controversy that began as Docket # 274118 in the Lawrence County Court of General Sessions.

Prior to removal, the Wilson Defendants asked the Lawrence County Circuit Court to dismiss the Prince's claims for failure to state a claim upon which relief may be granted pursuant to T.R.C.P. 12.02. After a hearing, and by Order entered on June 26, 2007, the Circuit Court of Lawrence County dismissed all claims against the

---

[1] The court consolidated adversary proceeding 08-0164A and 08-0149A.

Wilson Defendants with prejudice and awarded attorney fees to the Wilson Defendants for having to defend the action.

The Prince's appealed the dismissal of the Wilson Defendants to the Tennessee Court of Appeals. The appellate court found that the dismissal order of the Wilson Defendants was not a final judgment and dismissed the appeal without prejudice to file a new appeal. After that ruling, the state court lawsuit was removed to the United States Bankruptcy Court and adversary proceeding 08-0149A (the adversary proceeding filed by the Princes in bankruptcy court) and 08-0164A (the removed lawsuit) were consolidated. As the Prince's note in their brief:

> [a]s a result, this case, Docket #1:08-ap-164A, constitutes a single and continuous controversy that began as Docket # 274118 in the Lawrence County Court of General Sessions.

This court agrees as to the continuity of the action, and therefore, the dismissal of the Wilson Defendants is the "law of the case." The Sixth Circuit has characterized the unstructured nature of the law of the case doctrine:

> "[L]aw of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." **Arizona v. California**, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983); **see also Moses v. Business Card Express, Inc.**, 929 F.2d 1131 (6th Cir.1991) (quoting **Arizona** for this proposition). "Under law of the case doctrine, as now

> most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." **Arizona**, 460 U.S. at 619 n. 8, 103 S.Ct. 1382. "Law of the case directs a court's discretion, it does not limit the tribunal's power." **Id**. at 618, 103 S.Ct. 1382.

**E.E.O.C. v. United Ass'n of Journeymen and Apprentices of the Plumbing & Pipefitting Industry of the U.S. and Canada, Local No. 120** 235 F.3d 244, 249 (6th Cir. 2000). "[T]he law of the case doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." **Christianson v. Colt Industries Operating Corp**., 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quotation and citation omitted). "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " **Id**. (**quoting Arizona v. California**, 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)).

"The purpose of this doctrine is twofold: (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts." **United States v. Todd, 920 F.2d 399, 403 (6th Cir.1990)** (citing 1B J. Moore, J. Lucas, & T. Currier, **MOORE'S FEDERAL PRACTICE** ¶ 0.404[1],

at 118 (1988)). The court finds absolutely no basis to revisit the decision of the Circuit Court dismissing the Wilson Defendants. The decision of the Circuit Court for Lawrence County should continue to govern the same issues in subsequent stages of this very same case.

Accordingly, the court finds that the claims against the Wilson Defendants have already been dismissed and/or, if necessary to clarify any procedural issues, hereby GRANTS the Wilson Defendants' Motion to Dismiss. Counsel for the Wilson Defendants shall prepare an Order not in consistent with this Memorandum within ten (10) days of entry of the Memorandum.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**