

George C. Paine, II
US Bankruptcy Judge
Dated: 07/24/09



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

|  |  |
|---|---|
| DAVID and CONNIE PRINCE, Debtors | CASE NO. 197-11992 CHAPTER 13 JUDGE Keith M. Lundin |
| BEAL BANK, SSB Plaintiff | |
| v. | |
| DAVID and CONNIE PRINCE, Defendants, | |
| v. | |
| WILSON & ASSOCIATES, P.L.L.C. AARON SQUYRES and LESLIE GARRETT SARVER Third Party Defendants | Adversary Proceeding Numbers: |
| v. | 108-0146 |
| LLP MORTGAGE, LTD., Intervening Plaintiff | 108-0164 (CONSOLIDATED) |
| v. | |
| DAVID and CONNIE PRINCE Defendants. | |

### MEMORANDUM

This matter is before the court on Countrywide Home Loans, Inc.
("Countrywide"), LPP Mortgage, Ltd. ("LPP"), and Beal Bank, SSB ("Beal Bank")
(collectively, "Defendants") motion for partial summary judgment in their favor

pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. David and Connie Prince oppose the motion, but did not file a cross-motion. Also before the court is David and Connie Princes' ((hereinafter "Princes" or "Plaintiffs") Motion to Strike Certain Affidavits filed by Defendants in support of their partial summary judgment motion. Finally, the court has before it the Defendants' Motion to Strike the Jury Demand of David and Connie Prince. For the reasons contained herein, the court GRANTS the partial summary judgment motion of Defendants, GRANTS the Defendants' Motion to Strike the Princes' Jury Demand, and DENIES the Princes' Motion to Strike Affidavits.

## I. Partial Summary Judgment Motion

### A. UNCONTESTED FACTS[1]

On or about August 11, 1994, David and Connie Prince obtained a disaster relief loan for $42,500 from the United States Small Business Administration to rebuild their home after it was destroyed by a tornado. This loan was payable in

---

[1] Rule 56(d) provides as follows:

(d) Case Not Fully Adjudicated on the Motion.

**(1) Establishing Facts.** If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.

**(2) Establishing Liability**. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

The facts set forth here are established for purposes of this consolidated action and need not be re-litigated at trial. As for liability, Countywide, Beal Bank and LPP acknowledged in their Answer to the complaint that funds paid by the Princes were inadvertently misapplied leading to the foreclosure.

monthly installments of $198 over a 30-year period at an interest rate of 3.625%.

On December 17, 1997, David and Connie Prince filed a Chapter 13 petition for bankruptcy. During the case, the United States Small Business Administration sold the Note and Liens on the Princes' property to LPP Mortgage, Ltd. LPP Mortgage retained Beal Bank, SSB as its servicing agent for the Princes' loan. Countrywide serviced the Princes' loan under a subservicing agreement with Beal.

On July 21, 2003, the bankruptcy court entered an Order finding that the Princes' long-term debt was current and that their defaults were cured as of July 11, 2003. On December 15, 2003, the Princes received their Chapter 13 Discharge.

Following their discharge, the Debtors missed certain payments on their mortgage, including payments in the summer of 2005. The holder of the mortgage, LPP, declared the mortgage to be in default and foreclosed on the Property on November 7, 2005. Beal Bank, an affiliate of LPP, learned after the foreclosure, that the Property had been sold, and that the trustee's deed from the foreclosure reflected Beal Bank to be the owner of the property.

Beal Bank subsequently retained Wilson & Associates, which had handled the foreclosure, to file a detainer warrant in Lawrence County, Tennessee to obtain possession of the Property. On January 18, 2006, Debtors filed an answer to the detainer warrant and asserted counterclaims against Beal Bank, alleging that the foreclosure was wrongful. The detainer warrant action was removed from Lawrence County General Sessions Court to the Circuit Court for Lawrence County, Tennessee in an action styled *Beal Bank SSB v. David and Connie Prince v. Wilson & Associations, PLLC, Aaron Squyres and Leslie Garrett Sarver*, Case No. CC1896-06.

In July of 2006, Lisa Cavender, who had been assigned responsibility for managing the litigation between Beal Bank and David and Connie Prince, discovered that LPP, not Beal Bank, had purchased the Property at the foreclosure sale. After discovering the error, Ms. Cavender instructed counsel to have the trustee's deed corrected. Counsel for the Princes filed a motion on July 24, 2006 seeking to enjoin Beal Bank from amending the Trustee's deed. LPP filed a motion seeking to intervene in the detainer warrant action to assert its interest in the Property. The Princes opposed this motion as well.

On September 29, 2006, the Princes' withdrew their request for injunctive relief to prevent the correction of the trustee's deed. On October 31, 2006, the court in the state court action dismissed the detainer warrant and denied LPP's motion to intervene because the detainer warrant was filed by Beal Bank, when LPP was the holder of the mortgage, and purchased the Property at foreclosure.

On November 21, 2006, a corrected Trustee's Deed was recorded with the Lawrence County Register of Deeds, and LPP moved again to intervene in the state court action to assert its interest in the property. The court granted LPP's motion to intervene by order dated June 26, 2007, and LPP filed its complaint to quiet title.

On February 22, 2008, Debtors filed a motion in this court to reopen their bankruptcy case to assert an action against Countrywide, LPP, and Beal Bank. The complaint alleged that the foreclosure was wrongful because Countrywide, LPP and/or Beal Bank had wrongfully applied funds paid by the Debtors in violation of this court's order entered July 23, 2003 in the Princes' bankruptcy case deeming the Debtors' account current, and in violation of the post-discharge injunction.

After becoming aware of the allegation, Countrywide researched the Debtors' claim and determined that various payments that it had received on the Princes' mortgage following entry of this Court's order of July 21, 2003 had in fact been misapplied. Countrywide, LPP, and Beal Bank announced in their answer to the adversary complaint that they intended to set aside the foreclosure sale, and reinstate the Princes' mortgage.[2]

The state court action was removed to the Bankruptcy Court on April 28, 2008. Shortly after removal, Plaintiffs filed a Motion to Remand the state court proceeding, and a Motion seeking mandatory abstention, both of which were denied.

On September 19, 2008, the Princes filed a Motion to Withdraw the Reference which the District Court denied. The Princes then asked the court to consolidate the removed state court action adversary proceeding with the adversary proceeding they filed in their re-opened bankruptcy case.[3] The court ordered the matters consolidated, and Plaintiffs then filed a Amended and Consolidated Complaint restating all their already-pending bankruptcy and state law claims and adding claims for violations of the Real Estate Settlement Procedures Act ("RESPA").

The Princes Amended and Consolidated Complaint Plaintiffs seeks declaratory, injunctive and monetary relief in conjunction with defendants' violation of this court's July 23, 2005 Order declaring the Princes' mortgage current as of that time, and for

---

[2] LPP filed a motion to dismiss the quiet title action and to set aside the foreclosure, which this Court granted on January 29, 2009.

[3] The Princes' September 5, 2008 Motion stated:

David and Connie Prince respectfully ask this honorable Court for permission to consolidate their claims and amend their Complaint.

violation of the discharge injunction. All issues relating to the defendants' violation of this court's order or specific provisions of the Bankruptcy Code are not the subject of the defendants' summary judgment motion and continue to be set for trial as set forth in the Pretrial Order. The Amended Complaint also alleges causes of action for: (1) malicious prosecution; (2) abuse of process; (3) conversion; (4) civil conspiracy; (5) negligence; and (6) negligent infliction of emotional distress; and (7) violation of RESPA. As to these seven counts, defendants contend that they are entitled to summary judgment as a matter of law.

## B. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) is made applicable in bankruptcy through Fed.R.Bank.P. 7056 and provides:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Further, Rule 56(e)(2) provides that:

> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

"The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." **Kalamazoo River Study Group v. Rockwell International Corp**., 171 F.3d 1065, 1068 (6th Cir.1999) (citing 257 **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "The burden then shifts to the non-moving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the nonmoving party." **Id**. (**citing Anderson,** 477 U.S.

at 248, 106 S.Ct. 2505). "The non-moving party, however, must provide more than mere allegations or denials ... without giving any significant probative evidence to support" its position. **Berryman v. Rieger**, 150 F.3d 561, 566 (6th Cir.1998) (**citing Anderson**, 477 U.S. at 256, 106 S.Ct. 2505).

Summary judgment is appropriate if the party opposing summary judgment fails to make showing sufficient to establish the existence of an element essential to that party's case and upon which that party will bear the burden of proof at trial. **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986); **Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp**., 475 U.S. 574, 588 (1986). The Sixth Circuit has interpreted the **Celotex** decision to mean that "the movant [can] challenge the opposing party to 'put up or shut up' on a critical issue." **Street v. J.C. Bradford & Co.**, 886 F.2d 1472, 1478 (6th Cir. 1989). If after a sufficient period of discovery, the opposing party is unable to "put up" credible evidence, by way of affidavit or otherwise that a genuine issue of fact exists on a critical issue, then summary judgment is appropriate. **Street**, 886 F.2d at 1478.

## C.    DISCUSSION

### a)    Malicious Prosecution

The Princes allege in their Amended Complaint in relevant part as follows:

> Beal Bank filed and prosecuted a detainer warrant to evict the Princes from their home without probable cause and in reckless disregard for the law. Its eviction proceeding has been dismissed in the Princes' favor. Accordingly, Beal Bank is liable for malicious prosecution
>
> . . .
>
> LPP Mortgage filed a Complaint to Quiet Title against the Princes without probable cause and in reckless disregard for the law. LPP Mortgage has since announced its intention to return title to the property to the Princes. Accordingly, LPP Mortgage is liable to the Princes for malicious prosecution.

**Princes' Consolidated and Amended Complaint**, Filed Sept. 9, 2009, Adv. No. 08-064A, Docket Number: 37.

The elements of a malicious prosecution claim are well settled under Tennessee law. A plaintiff must show:

> (a) that a prior lawsuit or judicial proceeding was brought against the plaintiff without probable cause,
>
> (b) that the prior lawsuit or judicial proceeding was brought against the plaintiff with malice, and
>
> (c) that the prior lawsuit or judicial proceeding terminated in the plaintiff's favor.

**See Parrish v. Marquis**, 172 S.W. 3d 526 (Tenn. 2005); **Roberts v. Federal Express Corp.**, 842 S.W. 2d 246 (Tenn. 1992) (same).

Under Tennessee law, the elements of malice and probable cause are distinct. While the probable cause element involves an objective determination of the reasonableness of the conduct in light of the surrounding facts and circumstance, malice concerns the subjective mental state of the plaintiff filing suit. **Roberts v. Federal Express Corp.**, 842 S.W.2d 246 (Tenn. 1992).

The Tennessee Supreme Court explained the distinction between "probable cause" and "malice" in a malicious prosecution action as follows:

> Properly defined, probable cause requires only the existence of such facts and circumstances sufficient to excite in a reasonable mind the belief that the accused is guilty of the crime charged. While a mind "beclouded by prejudice, passion, hate and malice" is not "reasonable," **see Poster v. Andrews**, 183 Tenn. 544, 554, 194 S.W.2d 337, 341 (1946), the question whether a particular prosecutor is so motivated goes only to the element of malice. Probable cause is to be determined solely from an objective examination of the surrounding facts and circumstances.

**Roberts**, 842 S.W.2d at 248.

First, Debtors have not pleaded and cannot establish that the filing of the detainer warrant by Beal Bank or the filing of the quiet title action by LPP was filed without probable cause. Beal Bank filed the detainer warrant because a foreclosure had occurred and a Trustee's deed had been prepared and delivered showing Beal Bank to be the owner of the property. After the Trustee's Deed was corrected and recorded to reflect LPP to be the purchaser at foreclosure, the court allowed LPP to intervene to assert its interest in the property.[4] Beal Bank offered Lisa Cavender's affidavit to show probable cause to file the detainer action.

LPP also showed probable cause to file the quiet title action, believing at the time the suit was filed, that the Princes were in default, and that the foreclosure was correct.[5] Even if the court is mistaken and an objective inquiry might allow a reasonable person to find a lack of probable cause, the Princes cannot and did not show that the detainer action or quiet title action was instituted or prosecuted with malice.

Malice in the context of a malicious prosecution action is any improper motive.

---

[4] Beal Bank filed the affidavit of Lisa Cavender, a litigation specialist responsible for litigation management of the Princes' litigation with Beal Bank. Her affidavit provides:

> The detainer warrant was filed after the Princes' property had been foreclosed and the trustee's deed reflected Beal Bank as the owner following foreclosure.

She also states it was not until after the foreclosure that she discovered that LPP Mortgage (a Beal Bank affiliate) purchased the property at foreclosure instead of Beal Bank.

[5] The affidavits (all unrebutted by the Princes) establish that LPP did not prosecute its claims following the discovery that the payments had been misapplied.

9-U.S. Bankruptcy Court, M.D. Tenn.

**Kelley v. Tomlinson** 46 S.W.3d 742, 746 (Tenn. Ct. App., 2000). As set forth by the affidavit of John Turner, neither Beal nor LPP Bank harbored any malicious intent. Mr. Turner's affidavit is not rebutted by the Princes, who filed no counter-affidavit or other proof to oppose the summary judgment motion. Mr. Turner's affidavit challenged the Princes to "put up or shut up" by production of any counter proof. Given that the Princes have had more than two-and-a-half years to discover and produce evidence, and because discovery has now closed, the court finds the Princes cannot prove all of the essential elements of a malicious prosecution action. While a series of unfortunate events lead all the parties down the foreclosure path, the court finds that the Princes cannot show that the defendants acted with ill-intent or other improper motive aimed at the Princes. Thus, the defendants motion for summary judgment on the malicious prosecution count is GRANTED.

### b) Abuse of Process

The Princes Amended and Consolidated Complaint also alleges the following in regards to their claim for Abuse of Process:

> Beal Bank continued to prosecute its detainer warrant even after acknowledging that it had no interest in the Princes' property in order to shelter itself from liability and to facilitate the transfer of title to the property to LPP Mortgage. Accordingly, Beal Bank is liable to the Princes for abuse of process.
> . . .
> LPP Mortgage did not dismiss its Complaint to Quiet Title after acknowledging that the Princes were not in default when it purchased their home at the foreclosure sale it hired Squyres and Garrett to conduct. Rather, LPP Mortgage announced that it would transfer title to the property back to the Princes upon the entry of a court order to do so or upon reaching an agreement with the Princes regarding this matter. Accordingly, LPP Mortgage is liable to the Princes for abuse of process.

**Princes' Consolidated and Amended Complaint**, Filed Sept. 9, 2009, Adv. No. 08-064A, Docket Number: 37.

Under Tennessee law, an action for abuse of process lies for the use of legal process to obtain a result it was not intended to effect, for a wrongful purpose. **Donaldson v. Donaldson**, 557 S.W.2d 60, (Tenn. 1977). In order to state a claim for abuse of process, a plaintiff must allege that the defendant employed a specified legal process for a purpose for which it was not designed in order to compel a party to do something that it could not be compelled to do by the use of that process. The legitimate use of process, even when a bad intention, is not an abuse of process. **See generally, Priest v. Union Agency**, 125 S.W.2d 142 (1939).

The affidavits of John Turner and Lisa Cavender, unrebutted by the Princes, establish that Beal Bank and LPP tried at every turn to correct the perfect storm of errors that lead to the misapplied payments, the foreclosure that turned out to be in error, the trustee's deed that was improperly titled, the quiet title action, and setting aside of the foreclosure.[6] While the Princes were unhappy with the actions taken by the defendants, the defendants did not use the legal process to effectuate an improper purpose. Accordingly, the defendants' motion for summary judgment on the Abuse of Process claim is GRANTED.

### c) Conversion

The Princes also allege that the defendants are liable in tort for the wrongful conversion of their property:

> Beal Bank recorded title to the Princes' home in its name and sued to evict them. It then participated in and consented to the transfer of title

---

[6]Lisa Cavender's affidavit details Beal and LPP's attempts to correctly use the legal process to fix errors as they were discovered. The Princes sought to enjoin Beal Bank from correcting the trustee's deed, and then objected to LPP's intervention into the lawsuit. The Princes even objected to the defendants' motion in this court to set aside the foreclosure sale. The Princes' abuse of process claims seems to be based on the defendants use of the legal process to effectuate a correct result rather than on the defendants use of the legal process for an improper purpose.

to the property to LPP Mortgage. In doing so, it wrongfully exercised dominion and control over the Princes property.

. . .

LPP Mortgage accepted title to the Princes' home from Beal Bank knowing that Beal Bank had no right of title and then filed a Complaint to Quiet Title against the Princes. By doing so it wrongfully exercised dominion and control over the Princes' property.

**Princes' Consolidated and Amended Complaint**, Filed Sept. 9, 2009, Adv. No. 08-064A, Docket Number: 37.

Conversion is the appropriation of tangible property to a party's own use in exclusion or defiance of the owner's rights. **Barger v. Webb**, 391 S.W.2d 664, 665 (1965); **Lance Prods., Inc. v. Commerce Union Bank**, 764 S.W.2d 207, 211 (Tenn. Ct. App. 1988). Conversion is an intentional tort, and a party seeking to make out a prima facie case of conversion must prove (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights. **Kinnard v. Shoney's, Inc.**, 100 F. Supp.2d 781, 797 (M.D.Tenn. 2000); **Mammoth Cave Prod. Credit Ass'n v. Oldham**, 569 S.W.2d 833, 836 (Tenn. Ct. App. 1977).

Thus, in order for the Princes to prevail on a conversion theory, they must show that the defendants intentionally took the Princes property and intentionally exercised dominion and control in defiance of the Princes' rights.[7] Lisa Cavender's affidavit states in no uncertain terms:

10.    None of the actions taken by Beal and LPP . . . were taken to annoy or injure the Princes in any way. I discovered an error and took those actions necessary to correct the error.

---

[7] Defendants contend that the tort of conversion is not recognized in Tennessee for real property, but can cite only secondary resources on this issue. The court need not decide whether it is a recognized action in this case since the court is granting the defendants' summary judgment motion on this issue.

**Affidavit of Lisa Cavender**, Filed May 28, 2009, Adversary Proceeding Number: 08-0164A, Docket Number: 82.

Again, the defendants challenged the Princes to "put up" as the critical elements of their case. Federal Rule of Civil Procedure 56 plainly requires that the party opposing the motion "may not rely merely on allegations or denials in its own pleading'" and must respond by affidavits to create a genuine issue of material fact. "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." **Fed.R.Civ.P 56**. The only affidavit filed in response was that of the Princes' counsel relating to conversations he had with opposing counsel. The Princes themselves did not even file affidavits.

The court finds that the Princes cannot show that any action on the part of the defendants intentionally deprived the Princes of their property.[8] Accordingly, the Princes cannot establish the essential elements of a conversion action under Tennessee law. The defendants' motion for summary judgment on the conversion claim is therefore, GRANTED.

---

[8] The Princes were never, in fact, evicted from their home after the foreclosure sale, and are apparently still living there.

### d) Civil Conspiracy

In the fourth of their state law claims, the Princes allege the tort of civil conspiracy because the defendants "worked together to coordinate the transfer of title to the Princes' home from Beal Bank to LPP Mortgage even though they knew that Beal Bank had no title to transfer." **Princes' Consolidated and Amended Complaint**, Filed Sept. 9, 2009, Adv. No. 08-064A, Docket Number: 37.

Under Tennessee law, civil conspiracy is "a combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means. **See, e.g. Kirksey v. Overton Pub, Inc**., 739 S.W. 2d 230, 236 (Tenn. Ct. App. 1987); **Braswell v. Carothers**, 863 S.W. 2d 722 (Tenn. Ct. App. 1993).

The fundamental problem with Princes' conspiracy claim is that they fail to allege that Defendants conspired either to accomplish an unlawful purpose or to employ unlawful means. The sole allegation made by Debtors in support of their civil conspiracy claim is that the defendants conspired together and corrected the Trustee's deed to reflect the truthful fact that LPP Mortgage, and not Beal Bank, purchased the property at the foreclosure sale. The correction of a Trustee's deed to reflect the true facts is not an "unlawful purpose."

The Princes rely on their allegations in their Amended Complaint and put forth no additional evidence to rebut the affidavits of Nicole Orr, Lisa Cavender and John Turner.[9] All affiants state that the defendants acted to correct mistakes once they were discovered and without ill-intent toward the Princes. The parties getting together to correct a trustee's deed is not actionable to create a civil conspiracy because they were not conspiring for an unlawful purpose or using unlawful means. The defendants' motion for summary judgment on the conspiracy count is GRANTED.

### e) Negligence

The Princes also assert a claim for negligence. The Princes' have stated three separate acts of negligence (a) LPP, Beal Bank and Countrywide failed in their duty to maintain accurate and truthful records of the Princes' mortgage payments and history; (b) LPP, Beal Bank, and Countrywide failed in their duty to exercise reasonable diligence to determine whether the Princes were actually in default before initiating foreclosure proceedings and selling their home; and (c) LPP and Beal Bank, failed in their duty to exercise reasonable diligence to determine the validity of Beal Bank and LPP's claims to ownership of the Princes' property before prosecuting civil complaints against the Princes.

---

[9] Nicole Orr is the Assistant Vice President and Senior Operational Risk Specialist for BAC Loan Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. f/k/a Countrywide Home Loans, Inc., a defendant in this action.

In Tennessee, in order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." **Giggers v. Memphis Housing Authority**, 277 S.W. 3d 359 (Tenn. 2009). The Princes' cannot meet the first essential element in order to survive defendants' motion for summary judgment.

The Princes' negligence claim is premised upon the contention that Defendants negligently performed their contractual duties by failing to give proper effect to the bankruptcy court orders and/or failing to properly administer their mortgage, and for failing to determine ownership between Beal and LPP before pursuing civil complaints. These claims fail because the Princes cannot show that the defendants owed a duty of care independent of their contractual obligations.[10]

---

[10]The Princes argue that they had no privity of contract with Countrywide who serviced their loan by virtue of a subservicing agreement with Beal Service Corporation. Thus, according to the Princes, Countrywide held privity of contract with Beal, but not them. While this is true, it is also true that Countrywide owed no duty of care to the Princes outside of their contractual obligations to Beal. Thus, any recovery that is sought for failure of contractual duties for the Princes must come from Beal. It is then up to Beal Bank to pursue any further action with Countrywide based on any contractual breach of the subservicing agreement. As to Countrywide, the Princes cannot make a prima facie case against Countrywide because they cannot show that Countrywide owed them a duty of care.

Tennessee appears to have adopted the economic loss rule, which prohibits recovery in tort for purely economic losses, as distinguished from loss related to personal injury or property damage, resulting from a breach of contract.[11] **McLean v. Bourget's Bike Works, Inc.** 2005 WL 2493479 (Tenn. Ct. App., Oct. 7, 2005) ("The economic loss rule is a judicially created principle that requires parties to live by their contracts rather than to pursue tort action for purely economic losses arising out of contract."); **see generally AmSouth Rectors, LLC v. Skaggs Ironworks, Inc**. 2003 Tenn. App. Lexis 551 (Tenn. App. 2003). **See also Pavlovich v. National City Bank**, 435 F. 3d 560 (6th Cir. 2006) (finding Ohio economic loss rule prevent recovery by plaintiff who alleged bank had negligently administered her financial account, specifically finding "courts of other jurisdictions have prevented plaintiffs from bringing tort actions where the defendant bank owed no duty of care independent of its contractual obligations."). Based on the failure to demonstrate any duty of care owed by the defendants to the Princes outside their contractual relationship, the plaintiffs cannot show even a prima facie showing of negligence.[12]

---

[11] Whether Tennessee has adopted the economic loss rule in this context is not completely clear. It has been applied consistently in products liability actions, but the court was unable to find a reported decision applying Tennessee law that specifically adopted the economic loss rule. However, it is really of no import, because with or without the economic loss rule, the plaintiffs did not allege nor did they offer affidavits to support their claim that Beal, LPP and/or Countrywide owed a duty of care to the Princes' beyond their contractual obligations.

[12] The Princes argued that Beal and LPP were negligent in filing civil complaints against the Princes before determining true ownership. In other words, Beal and LPP were negligent by filing the civil complaints. Tennessee does not recognize an action for "negligent filing" and during the hearing on this matter, Princes' counsel conceded such.

The defendants motion for summary judgment is GRANTED as to the negligence counts.

### f)    Negligent Infliction of Emotional Distress

The Princes' Amended and Consolidated Complaint alleges only as follows:

> Medical proof establishes that David Prince has suffered severe emotional distress as a direct result of Defendants' negligence. Accordingly, Defendants are liable to David Prince for negligent infliction of emotional distress.

**Princes' Consolidated and Amended Complaint**, Filed Sept. 9, 2009, Adv. No. 08-064A, Docket Number: 37.  The Tennessee Supreme Court has held that a prima facie claim for negligent infliction of emotional distress must include evidence establishing each of the five elements of negligence and, for "stand-alone" negligent infliction of emotional distress case, expert proof establishing that the plaintiff's emotional distress is "serious" or "severe.[13]"  **Eskin v. Bartee**, 262 S.W. 3d 727,

---

See generally, **Donaldson v. Donaldson**, 557 S.W.2d 60, 61 (Tenn. App. 1972) (finding  there are only two causes of action recognized for misuse of legal process in Tennessee: abuse of process and malicious prosecution) .

[13] A stand-alone negligent infliction of emotional distress claim seeks recovery only for emotional injuries and is not accompanied by "additional claims for damage." **Eskin**, 262 S.W. 3d at 735, n.20.  The defendants argued that the Princes' claim is a stand-alone claim and the prima facie case could not stand because no expert witness was ever identified as required in the Pretrial Order, and discovery is closed.  The Princes stated that they intended to rely upon the a nurse practitioner who treated the Princes who may be a fact witness or an expert witness.  The court need not decide if this is a "stand-alone" claim requiring expert proof since a prima facie negligence case could not be shown. However, the court notes that the failure to disclose the witness as an expert as required by the Pretrial Order precludes her from being called as an expert witness at trial.

735 (Tenn. 2008). The Princes claim for negligent infliction of emotional distress must fail for the same reasons they could not make a prima facie case for negligence in the count above. Accordingly, the defendants' motion for summary judgment on the negligent infliction of emotional distress count is GRANTED.

### g)    RESPA (Real Estate Settlement Procedures Act)

The last count at issue in this summary judgment motion is the Princes' claim against Countrywide under RESPA. Their Amended and Consolidated Complaint alleges:

> Countrywide violated the Real Estate Settlement Procedures Act, as codified at 12 U.S.C § 2605(e)(1), when it failed to acknowledge Skeie's September 16, 2005 qualified written request on behalf of the Princes.

**Princes' Consolidated and Amended Complaint**, Filed Sept. 9, 2009, Adv. No. 08-064A, Docket Number: 37. Section 2605(e) of RESPA imposes a duty on loan servicers to timely respond to "qualified written requests" from a borrower. A qualified written request is:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-
>
> > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> >
> > (ii) includes a statement of the reasons for the belief of

the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

**12 U.S.C. § 2605(e)(1)(B).**

Essentially, the Princes claim that their counsel mailed a letter on September 16, 2005 to Countrywide which, under RESPA, was a "qualified written request." The problem with the Princes' claim is that they cannot produce the letter, and Countrywide has no record of receiving such a letter.

The affidavit of Nicole Orr states:

Countrywide had caused a diligent search of its records and has determined that it has no record of having received a letter from Mr. Skie on or about that date.

**Affidavit of Nicole Orr**, filed May 28, 2009, Adv. Proc. Number: 08-0164A, Docket Number 81. Mr. Skie filed a counter-affidavit in which he states:

In regard to my September 16, 2005 letter, I am certain that I sent communications to Countrywide on this date pursuant to instructions from Wilson & Associates. Although now, almost four years out, I cannot claim to have a personal memory of this event, I am still certain that it occurred because of my various references to this event earlier in this case. I would not have made these references if I had not recalled sending the letter at the time. I have searched for a copy of this letter without success.

**Affidavit of Peter T. Skie**, filed July 1, 2009, Adv. Proc. Number: 08-0164A, Docket Number 113.

The Princes' only claim under RESPA relates to failure of Countrywide to respond to a letter that it has no record of receiving, and that the Prince's do not have a copy of, nor does their counsel personally recollect at this time, sending the letter. The plaintiffs cannot make a prima facie showing that RESPA was violated by the failure to respond to a "qualified written response" if no determination can ever be made whether the letter, if received, was "qualified." Accordingly, the court GRANTS Countrywide's motion for summary judgment on the RESPA count.

### D. Conclusions

The court having now considered the defendants' motion for partial summary judgment, finds that no genuine issue of material fact remains in dispute, and that the defendants have shown that they are entitled to partial judgment as a matter of law. This case has languished for at least four years with ample opportunity for the Princes to "put up" to protect their claims against summary judgment. The initial burden was on the defendants to demonstrate that an essential element of the Princes' case was lacking. **See Kalamazoo River Study Group v. Rockwell International Corp**., 171 F.3d 1065, 1068 (6th Cir.1999) (citing 257 **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifted to the Princes to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a

verdict for the nonmoving party. The Princes could not meet their burden on any of their claims for: (1) malicious prosecution, (2) abuse of process, (3) conversion, (4) civil conspiracy, (5) negligence, (6) negligent infliction of emotional distress, and (6) violation of RESPA. Accordingly, the defendants' motion for partial summary judgment is GRANTED in all respects.

## II. Motions to Strike Affidavits

Prior to the hearing on the defendants' motion for summary judgment, the Princes filed motions to strike the affidavits of John Turner, Nicole Orr, and Lisa Cavender because the affidavits were allegedly not based on personal knowledge and contained hearsay. After reading the affidavits, the court finds the Princes' motions to strike wholly without basis. Furthermore, counsel for the Princes did not in any way prosecute, argue, or even mention the motions to strike the affidavits at the hearing set on this issue. The court, therefore, DENIES the Motions to Strike as baseless and further DENIES the motions for failure to carry the burden of proof in the prosecution of these motions.

## III. Motion to Strike the Jury Demand

Defendants filed a motion to strike the jury demand made by the Princes. Specifically, the defendants contend that the Princes have waived their right to a

jury trial by choosing bankruptcy as a forum to resolve their claims.  The Princes

argue that they have a constitutional right to a jury trial, and no waiver occurred.

Because the court has granted the defendants' motion for partial summary

judgment, this issue is MOOT, but in the event that it is not moot, the court finds

that the Princes have waived their right to a jury trial.


The Princes waived their right to a jury trial by filing bankruptcy and then

returning to bankruptcy court to have these matters heard.  **See Haile Co. v. R.J.**

**Reynolds Tobacco Co. (In re Haile Co.)**, 132 B.R. 979 (Bankr. S.D.Ga. 1991)

(plaintiff waived its Seventh Amendment right to a jury trial by filing adversary

proceeding in bankruptcy).  As the Seventh Circuit Court of Appeals explained in **In**

**re Hallahan**:

> The Supreme Court did not address the extent of the debtor's
> Seventh Amendment right to jury trial in bankruptcy court in
> **Granfinanciera**. However, if creditors 'by presenting their claims …
> subject … themselves to all the consequences that attach to an
> appearance,' **Granfinanciera**, 492 U.S. at 59 n. 14, 109 S.Ct. at 2799
> n. 14, **quoting Alexander v. Hillman**, 296 U.S. 222, 241, 56 S.Ct.
> 204, 210, 80 L.Ed. 192, thereby losing any jury trial right otherwise
> guaranteed by the Seventh Amendment, <u>debtors who initially choose
> to invoke the bankruptcy court's jurisdiction to seek protection from
> their creditors cannot be endowed with any stronger right</u>. [footnote
> omitted]. A defendant or potential defendant to an action at law cannot
> initiate bankruptcy proceedings, thus forcing creditors to come to
> bankruptcy court to collect their claims, and simultaneously complain
> that the bankruptcy forum denies him or her a jury trial. [citations
> omitted].… Debtors then would be able to block their creditors' access

to a jury trial without compromising their own ability to demand a jury
in their preferred forum.

**N.I.S. Corp. v. Hallahan (Matter of Hallahan)**, 936 F.2d 1496, 1505 (7th

Cir.1991) (emphasis added). The waiver principle logically extends to a debtor who,

in addition to petitioning the court for protection under title 11, voluntarily brings an

adversary proceeding seeking affirmative relief from the court. **See In re Manning**,

71 B.R. 981, 987 (Bankr. N.D. Ala. 1987) (holding debtor waives right to jury trial

by filing permissive counterclaim).; **Bayless v. Crabtree Through Adams**, 108

B.R. 299, 305 (Bankr. W.D.Okla. 1989), **aff'd**, 930 F.2d 32 (10th Cir.1991) (holding

legal assertions, otherwise subject to jury trial, brought by trustee or debtor are

"open to adjudication in equity by Bankruptcy Judges under their power to afford

complete relief").


    The debtors in this case not only filed for bankruptcy, but then returned to

bankruptcy court by reopening their bankruptcy case and filing an adversary

complaint alleging, *inter alia*, violation of their discharge injunction. The Princes also

filed a motion asking this court to consolidate the adversary proceeding they filed

with the adversary proceeding that was removed by the defendants from state

court. **See "Motion for Leave to Consolidate Claims and Amend Complaint,"**

filed Sept. 5, 2008, Adv. Proc. Number: 08-0164A, Docket Number: 32.[14]  The court

finds that the Princes' choice of bankruptcy as their forum waived any right to a jury

trial.  Accordingly, the court, therefore GRANTS the defendants' motion to strike the

jury demand made by the Princes.

## IV. CONCLUSIONS AS TO ALL PENDING MOTIONS

For all the reasons cited herein above, the court **GRANTS** the defendants'

MOTION FOR PARTIAL SUMMARY JUDGMENT; **DENIES** the Princes' MOTIONS TO

STRIKE THE AFFIDAVITS OF NICOLE ORR, JOHN TURNER, AND LISA CAVENDER;

and **GRANTS** the defendants' MOTION TO STRIKE THE JURY DEMAND of the

Princes.  The Pretrial Order shall remain in effect, and the court shall conduct the

trial as scheduled on any remaining issues in the Princes' Amended and Consolidated

Complaint.  The court instructs counsel for the defendants to prepare an order not

inconsistent with this court's finding and submit the order to the court within ten

---

[14] Their motion requested the following:

David and Connie Prince respectfully ask this honorable Court for permission to consolidate their claims and amend their Complaint. The Princes believe that a Consolidated and Amended Complaint is necessary in light of this Court's Orders denying Plaintiffs' Motion to Remand the state law claims in Beal Bank v. Prince and consolidating Docket #1:08-ap-146 and Docket #1:08-ap-164 into Docket #1:08-ap-164A. A Consolidated and Amended Complaint is also necessary to state the facts that have already been determined in this matter, the allegations of fact that can be reasonably deduced from these already-determined facts, and the claims that arise from these facts and allegations.

(10) days of entry of this Memorandum.[15]

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.**

---

[15] The court notes that granting the defendants' motion for partial summary judgment does not disadvantage the Princes as they are still able to seek the same relief for alleged violations of the discharge injunction and this court's orders.

This Order has Been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.