
George C. Paine, II
US Bankruptcy Judge
Dated: 08/20/09



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID and CONNIE PRINCE,<br>Debtors | CASE NO. 197-11992<br>CHAPTER 13<br>JUDGE George C. Paine, II |
| BEAL BANK, SSB<br>Plaintiff | |
| v. | |
| DAVID and CONNIE PRINCE,<br>Defendants, | |
| v. | |
| WILSON & ASSOCIATES, P.L.L.C.<br>AARON SQUYRES and LESLIE<br>GARRETT SARVER<br>Third Party Defendants | Adversary Proceeding Numbers:<br><br>108-0146<br>108-0164 (CONSOLIDATED) |
| v. | |
| LLP MORTGAGE, LTD.,<br>Intervening Plaintiff | |
| v. | |
| DAVID and CONNIE PRINCE<br>Defendants. | |

_____
**MEMORANDUM**
_____

Following a trial held August 19, 2009, the court took under advisement the issue of what, if any damages, David and Connie Prince ("plaintiffs" or "Princes") are entitled to following Countrywide Home Loans, Inc. ("Countrywide"), LPP Mortgage,

Ltd. ("LPP"), and Beal Bank, SSB ("Beal Bank") (collectively, "Defendants") admittedly wrongful foreclosure of the Princes' home. In addition, the Princes ask the court to find that when Defendants misapplied certain mortgage payments, they were in contempt of this court's July 21, 2003 Order; to find that the Defendants's misapplication of payments violated the 11 U.S.C. § 524 post-discharge injunction, and to grant them injunctive relief allowing for the reinstatement of their mortgage. For the reasons stated herein, the court finds that the Defendants forthrightly admitted that they misapplied payments, and that the misapplied payments led to the wrongful foreclosure and eviction action filed against the Princes. Based on this admission and the equities of this case, the court: (1) reinstates the Princes' mortgage in the stipulated, agreed upon amount of $33,729.82 effective as of October 1, 2009; and (2) awards compensatory damages to the Prince's in the form of forgiving their payment of $198 (in rent or mortgage payment) from November 7, 2005 through September 30, 2009, and an additional $2,000.00 for their time and inconvenience in dealing with the defendants mistakes.

The relevant facts are set out in this court's earlier Memorandum Opinion found at Docket # 122, Adv. Proc., 08-0164A, Memorandum Opinion Granting Defendants' Motion for Partial Summary Judgment (July 21, 2009) and are set forth again here:

> On or about August 11, 1994, David and Connie Prince obtained a disaster relief loan for $42,500 from the United States Small Business Administration to rebuild their home after it was destroyed by a tornado. This loan was payable in monthly installments of $198 over a 30-year period at an interest rate of 3.625%.
>
> On December 17, 1997, David and Connie Prince filed a Chapter 13 petition for bankruptcy. During the case, the United States Small Business Administration sold the Note and Liens on the Princes' property to LPP Mortgage, Ltd. LPP Mortgage retained Beal Bank, SSB as its servicing agent for the Princes' loan. Countrywide serviced the Princes' loan under a subservicing agreement with Beal.

On July 21, 2003, the bankruptcy court entered an Order finding that the Princes' long-term debt was current and that their defaults were cured as of July 11, 2003. On December 15, 2003, the Princes received their Chapter 13 Discharge.

Following their discharge, the Debtors missed certain payments on their mortgage, including payments in the summer of 2005. The holder of the mortgage, LPP, declared the mortgage to be in default and foreclosed on the Property on November 7, 2005. Beal Bank, an affiliate of LPP, learned after the foreclosure, that the Property had been sold, and that the trustee's deed from the foreclosure reflected Beal Bank to be the owner of the property.

Beal Bank subsequently retained Wilson & Associates, which had handled the foreclosure, to file a detainer warrant in the Circuit Court of Lawrence County, Tennessee to obtain possession of the Property. On January 18, 2006, Debtors filed an answer to the detainer warrant and asserted counterclaims against Beal Bank, alleging that the foreclosure was wrongful. The detainer warrant action was removed from Lawrence County General Sessions Court to the Circuit Court for Lawrence County, Tennessee in an action styled Beal Bank SSB v. David and Connie Prince v. Wilson & Associations, PLLC, Aaron Squyres and Leslie Garrett Sarver, Case No. CC1896-06 ("State Court Action").

In July of 2006, Lisa Cavender, who had been assigned responsibility for managing the litigation between Beal Bank and David and Connie Prince, discovered that LPP, not Beal Bank, had purchased the Property at the foreclosure sale. After discovering the error, Ms. Cavender instructed counsel to have the trustee's deed corrected. Counsel for the Princes filed a motion on July 24, 2006 seeking to enjoin Beal Bank from amending the Trustee's deed. LPP filed a motion seeking to intervene in the detainer warrant action to assert its interest in the Property. The Princes opposed this motion as well.

On September 29, 2006, the Princes' withdrew their request for injunctive relief to prevent the correction of the trustee's deed. On October 31, 2006, the court in the state court action dismissed the detainer warrant and denied LPP's motion to intervene because the detainer warrant was filed by Beal Bank, when LPP was the holder of the mortgage, and purchased the Property at foreclosure.

On November 21, 2006, a corrected Trustee's Deed was recorded with the Lawrence County Register of Deeds, and LPP moved again to intervene in the state court action to assert its interest in the property. The court granted LPP's motion to intervene by order dated June 26, 2007, and LPP filed its complaint to quiet title.

On February 22, 2008, Debtors filed a motion in this court to reopen their bankruptcy case to assert an action against Countrywide, LPP, and Beal Bank. The complaint alleged that the foreclosure was wrongful because Countrywide, LPP and/or Beal Bank had wrongfully applied funds paid by the Debtors in violation of this court's order entered July 23, 2003 in the Princes' bankruptcy case deeming the Debtors' account current, and in violation of the post-discharge

3-U.S. Bankruptcy Court, M.D. Tenn.

injunction.

After becoming aware of the allegation, Countrywide researched the Debtors' claim and determined that various payments that it had received on the Princes' mortgage following entry of this Court's order of July 21, 2003 had in fact been misapplied. Countrywide, LPP, and Beal Bank announced in their answer to the adversary complaint that they intended to set aside the foreclosure sale, and reinstate the Princes' mortgage.

The state court action was removed to the Bankruptcy Court on April 28, 2008. Shortly after removal, Plaintiffs filed a Motion to Remand the state court proceeding, and a Motion seeking mandatory abstention, both of which were denied.

The court granted the defendants motion for partial summary judgment on plaintiff's counts for: (1) malicious prosecution, (2) abuse of process, (3) conversion, (4) civil conspiracy, (5) negligence, (6) negligent infliction of emotional distress, and (6) violation of RESPA. The only remaining counts in the Princes' Amended Complaint concern the defendants misapplication of certain mortgage payments made by the Princes which led to the wrongful foreclosure and subsequent eviction proceedings against the Princes by the defendants. Specifically, the Princes seek declaratory and injunctive relief to reinstate their mortgage, and damages against the Defendants.

To prevail in a civil contempt proceeding, a plaintiff must prove that the defendant " 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.' " **Liberte Capital Group, LLC v. Capwill**, 462 F.3d 543, 550 (6th Cir.2006) (**quoting Glover v. Johnson**, 934 F.2d 703, 707 (6th Cir.1991)). In the context of the discharge injunction, this means that the debtor must demonstrate that the defendant (i) violated the discharge injunction (and thus the order granting the discharge) and (ii) did so with knowledge that the injunction was in place. **See**

**In re Franks**, 363 B.R. 839, 843 (Bankr. N.D.Ohio 2006).[1]

The plaintiffs bear the burden of proving both elements-violation and knowledge-by clear and convincing evidence. **See Liberte Capital Group**, 462 F.3d at 550. Although some courts have held that constructive knowledge can give rise to contempt, the Sixth Circuit, requires actual knowledge. **See Newman v. Ethridge (In re Newman)**, 803 F.2d 721 (table), 1986 WL 17762 at *1 (6th Cir.1986) ("Notice of the bankruptcy need not be formal; the court is to look to whether the creditor had actual knowledge."); **Franks**, 363 B.R. at 843.

In this case, the defendants admitted that the misapplied payments triggered the wrongful foreclosure and subsequent detainer action. The parties stipulated to the following:

1. The principal balance due and owing under that certain U.S. Small Business Administration Note (For Disaster Loans Only) dated August 11, 1994 executed by David Prince and Connie Prince (the "Princes") in favor of the Small Business Administration, and subsequently indorsed and assigned to LPP Mortgage, LTD. (the "Note"), was $33,729.82 as of November 7, 2005.

2. From and after November 7, 2005, the fair monthly rental value of the real property commonly known as 220 Chestnut Nut, Iron City, Tennessee (the "Property") was 198.00.

3. The Princes are responsible for the fair rental value of Property from November 7, 2005 through January 27, 2009, the entry date of this

---

[1] With respect to discharged debts, this injunction replaces the automatic stay set forth in § 362(a) of actions to pursue collection of debts from the debtor personally. **See Ung v. Boni (In re Boni)**, 240 B.R. 381, 384 n. 5 (9th Cir. BAP 1999) ("When the debtor receives a discharge, although the automatic stay of acts against the debtor expires, it is replaced by the discharge injunction."); **In re Perviz**, 302 B.R. 357, 369 (Bankr.N.D.Ohio 2003) ("[Section] 524(a)(2) simply makes permanent what had previously been temporary under § 362(a)(6)."). Unlike § 362, however, § 524 does not include an enforcement mechanism. As a result, damages are not available in private actions to enforce the discharge injunction. **See Pertuso v. Ford Motor Credit Co.**, 233 F.3d 417, 423 (6th Cir.2000). Rather, a debtor's only recourse for violation of the discharge injunction is to request that the offending party be held in contempt of court. **See Pertuso**, 233 F.3d at 421 ("The obvious purpose [of § 524(a)(2) ] is to enjoin the proscribed conduct-and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one.").

> Court's Order Granting Motion of Defendants to Set Aside Foreclosure Sale (Docket No. 65).

The plaintiffs had the burden to show the defendants violated the discharge injunction (admitted by defendants) and that the violation was with knowledge. If successful in meeting that burden,

> [t]he modern trend in civil contempt proceedings is for courts to award actual damages for violations of § 524's discharge injunction, and, where necessary to effectuate the purposes of the discharge injunction, a debtor may be entitled to reasonable attorney fees. **Miles v. Clarke (In re Miles)**, 357 B.R. 446, 450 (Bankr. W.D.Ky. 2006) (internal citations omitted).

**In re Motichko**, 395 B.R. 25 (Bankr. N.D.Ohio, 2008).

Although both Mr. and Mrs. Prince testified at trial, they were unable to offer any specific proof of their damages as a result of the defendants actions. Their testimony established, very generally, their mental anguish that resulted in part from the defendants actions, and in part, from other tragic events in their lives, such as their son's domestic problems, the death of an extremely close sister in an automobile accident, the incapacitating work-related back injury of Mr. Prince that led to severe financial problems, and Mrs. Princes debilitating physical ailments and life-threatening medical condition. They offered no exhibits and no medical records to support their claims, and gave no specific testimony that anchored their specific claims to the conduct of the defendants.

Because the defendants admitted that the foreclosure and subsequent detainer action were wrongful as a result of the misapplication of payments, the court finds that the Princes established a violation of the discharge injunction despite the paucity of proof offered by them especially as to damages. Having found that the defendants violated the discharge injunction and/or the July 2003 Order declaring the Princes' mortgage current, the court must determine what damages,

if any, to award to the Princes based on their proof.

The Princes, who the court would characterize as unsophisticated and mostly uneducated, tried to testify as to the mental stress and other health problems that they believe resulted from the defendants' conduct. Their testimony was disjointed, unclear, provided almost no time references, and was unsupported by any documentary evidence. Nonetheless, the court finds that at least some of their medical damages was caused in part by the defendants' conduct. Despite the lack of proof from the Princes, the court finds that the defendants were in contempt for their violation of this court's July 21, 2003 order and the discharge injunction (order), and that the Princes' suffered stress, inconvenience, and some amount of costs and expenses.

Accordingly, the court finds, as a portion of plaintiffs damages that the $198 per month payment (rent or mortgage payment) from November 7, 2005 through September 30, 2009 be hereafter discharged and forgiven as compensation for their damages surrounding the uncertainty of potentially losing their home. This amount is no longer due and payable, and shall not in any way be added to the existing loan balance.[2] As further compensation, the court awards the Princes an additional $2,000 in damages payable by the defendants jointly severally within ten (10) days of entry of the Order effectuating this Memorandum Opinion.

In the court's Memorandum Opinion on the defendants' motion for summary judgment the court characterized the events in this case as "a series of unfortunate events that led all the parties down the foreclosure path." The Princes failed

---

[2]The court notes that the Princes were never removed from their home throughout these entire proceedings, but no payments have been made to the defendants for more than two years.

miserably in their attempt to establish their damages that resulted from defendants' admittedly misapplied payments. The Princes' testimony vaguely etched out a general picture of their stress resulting at least in part from the foreclosure proceedings, but was woefully lacking to establish an award of damages beyond that granted by the court.

The court instructs counsel for the Princes to prepare an Order not inconsistent with this Memorandum Opinion and submit it to the court for entry within ten (10) days.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

8-U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 1:08-ap-00164    Doc 137    Filed 08/20/09    Entered 08/20/09 14:18:25    Desc Main Document    Page 8 of 8